IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARVIE THOMAS,                )
                             )
            Plaintiff,       )
                             )
     v.                      )     No.  06 C 2056
                             )
LT. WARD, et al.,            )
                             )
            Defendants.      )

<u>MEMORANDUM ORDER</u>

In response to this Court's April 25, 2006 memorandum order ("April 25 Order"), pro se plaintiff Arvie Thomas ("Thomas") has provided several copies of some further documentation. Unfortunately those documents do not cast total light on the subject of Thomas' heretofore surviving claim,[1] in part because many of the inmate grievance papers included in that package are not entirely legible.

But before this memorandum order turns to substantive matters, it must address Thomas' pending In Forma Pauperis Application ("Application"). It appears from Thomas' current filings that he does not come under the rubric of "prisoner" so as to trigger the special provisions of 28 U.S.C. §1915:[2]

    1.  Circuit Court Judge Fred Foreman's February 1, 2006

---

[1] For the reasons spelled out in the April 25 Order, two of Thomas' then-filed Complaints and actions (Case Nos. 06 C 2057 and 2058) were dismissed, leaving open only the Complaint identified in the caption here.

[2] All further references to Title 28's provisions will simply take the form "Section--."

order (Ex. 1 to this memorandum order) describes Thomas as under a "periodic imprisonment sentence" containing substantial release provisions).

    2. Thomas is reachable at a <u>residential</u> address in North Chicago, with a residential phone (see Ex. 2).

    3. Thomas' provision of the current trust fund account printout from Lake County Jail shows a zero balance, with a final clearing entry dated back to November 22, <u>2005</u>.

With Section 1915(a) through (c) thus being rendered inapplicable, and with Thomas having previously made the requisite showing of poverty, his Application is granted.

As for the merits of Thomas' surviving Complaint, the inmate grievance documents that he has submitted--dating from July 2005--do not appear to evidence the exhaustion of all available administrative remedies, which is a precondition to any prisoner's filing of suit under 42 U.S.C. §1997e(a). But because Thomas is no longer "a prisoner confined in any jail" so as to come within that statutory provision (although it remains to be seen whether his failure to pursue his claim to completion while he was still in custody may bear on the viability of the claim), this Court has obtained the name of this member of this District Court's trial bar to represent Thomas pro bono publico:

Jonathan S. Feld, Esq.
KMZ Rosenman
525 West Monroe Street
Chicago IL 60661
312.902.5478

This action is set for a status hearing at 9 a.m. July 26, 2006.

_____
Milton I. Shadur
Senior United States District Judge

Date:   May 17, 2006

STATE OF ILLINOIS ) ss
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

People
vs.
Avvie Thomas

Gen. No. 05CF-285

**ORDER**

The defendant's periodic imprisonment sentence shall hereby include release for school and self-employment (with appropriate verification). His periodic imprisonment fees are hereby waived until 8-1-06.

FILED
FEB 01 2006
CIRCUIT CLERK

Dated at Waukegan, Illinois this 1st day of February, 2006.

ENTER: _____
Judge

ORDER PREPARED BY: Snyder, APD
(Please Print Name and Address)

Ex. 1

171-94 rev 1/00

To Court                                3-12-06

From: Arvie Thomas
     06 C 2056

Here are the form you have aske for. If
you need any thing else please call me at 847-672-6900
or write me at Arvie Thomas
                1925 Greenfield Ave
                North Chicago
                   IL
                   60064


P.S. I am asking for
Legal Counsel please
I hope this will help in
get me a ~~ponsel~~ counsel


                        Thank you
                        Arvie Thomas

                                    Ex. 2