IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARVIE THOMAS,                )
                             )
            Plaintiff,       )
                             )
    v.                       )    No. 06 C 2056
                             )
LT. WARD, et al.,            )
                             )
            Defendants.      )

MEMORANDUM ORDER

In response to this Court's July 31, 2006 order, appointed counsel for plaintiff Arvie Thomas ("Thomas") has filed a response to defendants' Second Affirmative Defense ("AD 2").[1] AD 2 had asserted that Thomas' original pro se Complaint was barred because of the 42 U.S.C. §1997e(a)[2] requirement that a prisoner must exhaust administrative remedies before filing a Section 1983 lawsuit.

Thomas' counsel has directed this Court's attention to our Court of Appeals' decision in Whitzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004), which limits the applicability of the exhaustion requirement to persons who are prisoners at the time that suit was brought, a decision foreshadowed by a like reading of Section 1997e in Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998).

---

[1] That much-appreciated filing is a rare bird--most often this Court has occasion to strike responses to affirmative defenses sua sponte because they have been filed by lawyers unfamiliar with the final sentence of Fed. R. Civ. P. 7(a).

[2] All further references to Title 42's provisions will simply take the form "Section--."

Accordingly AD 2 will be stricken unless defense counsel provides a citation to compelling authority pointing in the other direction on or before August 30, 2006. If defense counsel is unable to do so, either (1) a filing that so states or (2) the absence of any timely filing to the contrary will suffice to support the striking of AD 2.

Milton I. Shadur
Senior United States District Judge

Date: August 21, 2006