IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Arvie Thomas,                    )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    No. 06 C 2056
                                 )
Lieutenant Ward, et al.,         )
                                 )
         Defendants.             )

MEMORANDUM ORDER

Several correctional officers at the Lake County Jail ("Jail"), targeted as defendants in this 42 U.S.C. § 1983 ("Section 1983") action brought against them by Arvie Thomas ("Thomas"), have filed their Answer to Thomas' Amended Complaint. This memorandum order is issued sua sponte to address one problematic aspect of that responsive pleading.

After answering each of Thomas' allegations on a proper paragraph-by-paragraph basis, defendants set out a 16-paragraph set of their own allegations, labeled as "Affirmative Defense No. 1," that advance a claim of qualified immunity. Although those allegations can of course play an important role in this litigation by identifying defendants' theory of the case, they plainly do not qualify as a Fed.R.Civ.P. ("Rule") 8(c) affirmative defense, which (like the common law plea in confession and avoidance) must accept a plaintiff's allegations as gospel but then go on to explain why a defendant is assertedly not liable for what the plaintiff claims -- see App. ¶ 5 to State

Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001), explaining the concept embodied in Rule 8(c) and the caselaw interpreting it. Indeed, the dramatically different scenario portrayed by defendants is at odds with both the concept and the purpose of qualified immunity, for the parties' hotly disputed versions can be sorted out only by the factfinding process at trial (see Saucier v. Katz, 533 U.S. 194 (2001)).

Nonetheless no modification of the current responsive pleading will be required. This action will proceed on the understanding that so-called Affirmative Defense No. 1 marks out the difference between the parties' perspectives.

Milton I. Shadur
Senior United States District Judge

Dated:March 27, 2007